1  NEAL S. SALISIAN, SBN 240277
   neal.salisian@salisianlee.com
2  GLENN R. COFFMAN, SBN 305669
   glenn.coffman@salisianlee.com
3  JARED T. DENSEN, SBN 325164
   jared.densen@salisianlee.com
4  **SALISIAN | LEE LLP**
   550 South Hope Street, Suite 750
5  Los Angeles, California 90071-2924
   Telephone:  (213) 622-9100
6  Facsimile:  (800) 622-9145

7  MARISA D. POULOS (SBN 197904)
   marisa.poulos@balboacapital.com
8  **BALBOA CAPITAL CORPORATION**
   575 Anton Boulevard, 12th Floor
9  Costa Mesa, California 92626
   Tel: (949) 399-6303

10

11 Attorneys for Plaintiff
   AMERIS BANK d/b/a BALBOA
12 CAPITAL CORPORATION

## THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>CLOUDSMARTZ, LLC, a New York limited liability company,<br><br>Defendant. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A/ BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT (2 COUNTS)** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital Corporation ("Balboa" or "Plaintiff"), alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Ameris Bank d/b/a Balboa Capital Corporation ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital Corporation as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2. Defendant Cloudsmartz LLC ("Cloudsmartz") is, and at all times relevant to this action was, a South Carolina limited liability company with its principal place of business in the County of Monroe, State of New York.

3. Plaintiff is informed and believes, and thereon alleges, that all Defendants, including any directors, members, or shareholders of any defendant entities, are all located outside of California and Georgia.

4. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

5. Pursuant to the Equipment Financing Agreements described herein below, Defendants agreed those documents would be governed by the laws of the State of California. In addition, the Equipment Financing Agreements provide, in pertinent part, as follows:

> **General.** This Agreement will be governed and construed under the laws of the State of California without reference to its principle of conflicts of laws and is deemed to have been made and performed in Orange County, CA. you submit to the exclusive and mandatory jurisdiction of CA and agree that the CA state courts and/or the United States District Court for the Central District of California, Santa Ana Division, will have exclusive and mandatory jurisdiction over any action or proceeding to enforce this

Agreement or any action or proceeding arising out of this Agreement.

6. <u>Jurisdiction</u>.  This Court has jurisdiction over the case pursuant to 28 U.S.C. §1332(a).

7. <u>Venue</u>.  This case is properly venued in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. §84(c)(3).

## FIRST CAUSE OF ACTION
## (Breach of Equipment Financing Agreement No. 1)
## (Against Cloudsmartz)

8. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

9. Prior to April 2023, Balboa is informed and believes that Cloudsmartz initiated and engaged with Fame 1 Computers, Inc. located at 18730 Oxnard Street, Suite 207, Tarzana, CA 91356 (the "Equipment Vendor No. 1"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as "Collateral No. 1") for its business.  The Equipment Vendor No. 1 worked with Cloudsmartz in the selection of Collateral No. 1 and in coordinating its delivery.

10. Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor No. 1 initiated and coordinated submission of Defendant's electronic credit application to Balboa and other financial institutions.  Upon review, Cloudsmartz concluded that Balboa offered agreeable terms to finance Collateral No. 1 commensurate with its requirements.  Thereafter, the Equipment Vendor No. 1 accumulated and submitted to Balboa the requisite signatories, documentation and financial information from the Defendant to finance Collateral No. 1 being supplied by the Equipment Vendor No. 1.

11. On or about April 25, 2023, Cloudsmartz executed a certain written Equipment Financing Agreement No. 320018-003 ("EFA No. 1"), under the terms

of which Balboa loaned to Cloudsmartz the sum of One Hundred Ninety-Six Thousand Dollars and Zero Cents ($196,000.00) in order to finance Collateral No. 1 for its business. EFA No. 1 required Cloudsmartz to make thirty-six (36) monthly payments of $6,485.88, payable on the 10th day of each month beginning May 10, 2023. A true and correct copy of EFA No. 1 is attached as **Exhibit A** and is incorporated here by reference.

12. The last payment received by Balboa was credited toward the monthly payment due for January 10, 2024. Therefore, on or about February 10, 2024, Cloudsmartz breached EFA No. 1 by failing to make the monthly payment due on that date. Defendant Cloudsmartz's failure to make timely payments is a default under the terms of EFA No. 1.

13. In accordance with EFA No. 1, and as a proximate result of Cloudsmartz's default thereunder, Balboa declared the entire balance of the payments under EFA No. 1 to be immediately due and payable to Balboa. Therefore, there became due the sum of $181,604.64. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Cloudsmartz.

14. In addition, the terms of EFA No. 1 provide that Cloudsmartz is liable to Balboa for late charges on all payments not made in a timely manner. As of the date of the filing of Balboa's Complaint, late charges in the sum of $2,334.92 are now due and owing.

15. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of EFA No. 1, except as excused or prevented by the conduct of Cloudsmartz.

16. As a proximate result of Cloudsmartz's breach of the EFA No. 1, Balboa has been damaged in the total sum of **$183,939.56**, plus prejudgment interest from February 10, 2024, until the entry of judgment herein.

17. Further, under the terms of EFA No. 1, Cloudsmartz promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of EFA No. 1. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Cloudsmartz.

18. EFA No. 1 also provides Balboa the remedy of possession of Collateral No. 1 and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral No. 1 and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of Collateral No. 1.

## SECOND CAUSE OF ACTION

### (Breach of Equipment Financing Agreement No. 2)

### (Against Cloudsmartz)

19. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

20. Prior to July 2023, Balboa is informed and believes that Cloudsmartz initiated and engaged with Noreen Schneider Rucinski located at 3344 N. Mountain View Dr. San Diego, CA 92116 (the "Equipment Vendor No. 2"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as "Collateral No. 2") for its business. The Equipment Vendor No. 2 worked with Cloudsmartz in the selection of Collateral No. 2 and in coordinating its delivery.

21. Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor No. 2 initiated and coordinated submission of Defendant's electronic credit application to Balboa and other financial institutions. Upon review, Cloudsmartz concluded that Balboa offered agreeable terms to finance Collateral No. 2 commensurate with its requirements. Thereafter, the Equipment Vendor No. 2 accumulated and submitted to Balboa the requisite signatories,

documentation and financial information from the Defendant to finance Collateral No. 2 being supplied by the Equipment Vendor No. 2.

22. On or about July 20, 2023, Cloudsmartz executed a certain written Equipment Financing Agreement No. 468085-000 ("EFA No. 2"), under the terms of which Balboa loaned to Cloudsmartz the sum of One Hundred Seventy Thousand Dollars and Zero Cents ($170,000.00) in order to finance Collateral No. 2 for its business. EFA No. 2 required Cloudsmartz to make sixty (60) monthly payments of $3,546.56, payable on the 20th day of each month beginning August 20, 2023. A true and correct copy of EFA No. 2 is attached as **Exhibit B** and is incorporated here by reference.

23. The last payment received by Balboa was credited toward the monthly payment due for January 20, 2024. Therefore, on or about February 20, 2024, Cloudsmartz breached EFA No. 2 by failing to make the monthly payment due on that date. Defendant Cloudsmartz's failure to make timely payments is a default under the terms of EFA No. 2.

24. In accordance with EFA No. 2, and as a proximate result of Cloudsmartz's default thereunder, Balboa declared the entire balance of the payments under EFA No. 2 to be immediately due and payable to Balboa. Therefore, there became due the sum of $191,514.24. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Cloudsmartz.

25. In addition, the terms of EFA No. 2 provide that Cloudsmartz is liable to Balboa for late charges on all payments not made in a timely manner. As of the date of the filing of Balboa's Complaint, late charges in the sum of $2,553.52 are now due and owing.

26. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of EFA No. 2, except as excused or prevented by the conduct of Cloudsmartz.

27. As a proximate result of Cloudsmartz's breach of EFA No. 2, Balboa has been damaged in the total sum of **$194,067.76**, plus prejudgment interest from February 20, 2024, until the entry of judgment herein.

28. Further, under the terms of EFA No. 2, Cloudsmartz promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of EFA No. 2. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Cloudsmartz.

29. EFA No. 2 also provides Balboa the remedy of possession of Collateral No. 2 and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral No. 2 and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of Collateral No. 2.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Balboa prays for judgment against Defendants, and each of them, as follows:

**On the First Cause of Action:**

1. The sum $183,939.56;

2. Prejudgment interest from February 10, 2024 to the date of entry of judgment;

3. Late charges and non-sufficient charges in an amount to be proven at trial;

4. An order to recover possession of Collateral No. 1 which is the subject of EFA No. 1, or if Collateral No. 1 cannot be delivered, for its reasonable value according to proof;

5. Reasonable attorneys' fees and costs;

6. Costs of suit as provided by law; and

7. Such other and further relief that the Court considers proper.

COMPLAINT

**On the Second Cause of Action:**

1. The sum $194,067.76;
2. Prejudgment interest from February 20, 2024 to the date of entry of judgment;
3. Late charges and non-sufficient charges in an amount to be proven at trial;
4. An order to recover possession of Collateral No. 2 which is the subject of EFA No. 2, or if Collateral No. 2 cannot be delivered, for its reasonable value according to proof;
5. Reasonable attorneys' fees and costs;
6. Costs of suit as provided by law; and
7. Such other and further relief that the Court considers proper.

DATED: May 3, 2024

SALISIAN | LEE LLP

By: _____
Neal S. Salisian
Glenn Coffman
Jared T. Densen

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION