UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 8:24-cv-00959-CAS-MARx | Date | July 25, 2024 |
|---|---|---|---|
| Title | Ameris Bank v. Cloudsmartz, LLC | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                                Not Present

**Proceedings:**   (IN CHAMBERS) MOTION FOR DEFAULT JUDGMENT (Dkt. 11, filed on June 21, 2024

### I.   INTRODUCTION

Presently before the Court is plaintiff Ameris Bank's motion for default judgment against defendant Cloudsmartz, LLC ("Cloudsmartz"). The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the matter is hereby taken under submission and the August 5, 2024, hearing date is vacated.

On May 3, 2024, plaintiff Ameris Bank filed this action against defendant Cloudsmartz. Dkt. 1 ("Compl."). The complaint brings two separate claims for breach of contract. Id. ¶¶ 8-29.

On June 11, 2024, plaintiff requested the Clerk of the Court enter default against Cloudsmartz pursuant to Federal Rule of Civil Procedure ("Rule") 55(a). Fed. R. Civ. P. 55(a). Dkt. 8. On June 14, 2024, the Clerk entered default against defendant. Dkt. 9.

On June 21, 2024, plaintiff filed the instant motion for default judgement against Cloudsmartz. Dkt. 11 ("Mot.").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:24-cv-00959-CAS-MARx | Date | July 25, 2024 |
|---|---|---|---|
| Title | Ameris Bank v. Cloudsmartz, LLC | | |

## II. BACKGROUND

Plaintiff alleges the following facts in its complaint.

Plaintiff Ameris Bank d/b/a Balboa Capital Corporation ("Balboa") is a Georgia state-chartered banking corporation that operates a business division called Balboa Capital Corporation . Compl. ¶ 1. Balboa has its principal place of business in Orange County, California. Id.

Defendant Cloudsmartz is a South Carolina limited liability company with its purported principal place of business in Monroe County, New York. Id. ¶ 2.

### A. Equipment Financing Agreement No. 1

Prior to April 2023, Cloudsmartz engaged with a company called Fame 1 Computers, Inc. ("Fame") to coordinate the acquisition and financing of certain equipment ("Collateral No. 1") for Cloudsmartz's business. Id. ¶ 9. Fame then coordinated Cloudsmartz's application for a loan from Balboa to finance Collateral No. 1. Id. ¶ 10.

On April 25, 2023, Cloudsmartz executed a written equipment financing agreement ("EFA No. 1") in which Balboa loaned Cloudsmartz $196,000.00 to finance Collateral No. 1. Id. ¶ 11. Under the terms of EFA No. 1, Cloudsmartz agreed to make 36 monthly payments of $6,485.88 each, due on the 10th day of each month beginning on May 10, 2023. Id. Exhibit ("Exh.") A. Plaintiff alleges that, on February 10, 2024, Cloudsmartz breached EFA No. 1 by failing to make the monthly payment due on that date. Id. ¶ 12.

Additionally, the terms of EFA No. 1 provided that failure to make timely payments is a default. Id. ¶ 12. Thus, plaintiff has declared the entire balance of the payments under EFA No. 1 to be immediately due, totaling $181,604.64 along with an additional $2,334.92 in late fees. Id. ¶¶ 13-14. Plaintiff further seeks attorneys' fees and either possession of Collateral No. 1 or recovery of the value of Collateral No. 1. Id. ¶¶ 17-18.

### B. Equipment Financing Agreement No. 2

Prior to July 2023, Cloudsmartz also began doing business with a second equipment supplier, Noreen Schneider Rucinski ("Noreen"), to coordinate the acquisition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:24-cv-00959-CAS-MARx | Date | July 25, 2024 |
|---|---|---|---|
| Title | Ameris Bank v. Cloudsmartz, LLC | | |

and financing of additional equipment ("Collateral No. 2") for Cloudsmartz's business. Id. ¶ 20. Noreen coordinated Cloudsmartz's application for a loan from Balboa to finance Collateral No. 2. Id. ¶ 21.

On July 20, 2023, Cloudsmartz executed a second written equipment financing agreement ("EFA No. 2") in which Balboa loaned Cloudsmartz $170,000.00 to finance Collateral No. 2. Id. ¶ 22. Under the terms of EFA No. 2, Cloudsmartz agreed to make 60 monthly payments of $3,546.56 each, due on the 20th day of each month beginning on August 20, 2023. Id. Exh. B. Plaintiff alleges that, on February 20, 2024, Cloudsmartz breached EFA No. 2 by failing to make the monthly playment due on that date. Id. ¶ 23.

The terms of EFA No. 2 also provided that failure to make timely payments is a default. Id. ¶ 23. Thus, plaintiff declared the entire remaining balance due under EFA No. 2 to be immediately due, totaling $191,514.24 plus late fees of $2,553.52. Id. ¶¶ 24-25, Id. Exh. B. Plaintiff further seeks attorneys' fees and either possession of Collateral No. 2 or recovery of the value of Collateral No. 2. Id. ¶¶ 28-29.

### III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp., Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Ent. Inc. v. Elias, No. CV03-6387DT(RCX), 2004 WL 141959, at *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:24-cv-00959-CAS-MARx | Date | July 25, 2024 |
|---|---|---|---|
| Title | Ameris Bank v. Cloudsmartz, LLC | | |

the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

"Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Accordingly, when an applicant seeks a default judgment from the Court, the movant must submit a declaration specifying: "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by [Federal Rule of Civil Procedure] 55(b)(2)." See C.D. Cal. L.R. 55-1. Under Local Rule 55-2, "where an application for default judgment seeks unliquidated damages, the party seeking entry of the default judgment is obligated to serve notice of the application on the defaulting party regardless of whether the latter has appeared in the action." Halicki v. Monfort, No. 2:08-cv-00351-PSG-JTL, 2009 WL 10672966, at *2 (C.D. Cal. Nov. 19, 2009) (citing C.D. Cal. L.R. 55-2).

### IV. DISCUSSION

#### A. Procedural Requirements

To satisfy the procedural requirements for entry of default judgment, the plaintiff must follow the "requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., 2018 WL 1989518, at *1. Here, the procedural requirements for default judgment are satisfied because (1) the plaintiff served Cloudsmartz with the summons and complaint; (2) the clerk entered default against Cloudsmartz; and (3) the plaintiff submitted a declaration establishing that Cloudsmartz is not a minor or incompetent person and is not in military service, such that the Servicemembers Civil Relief Act does not apply. Dkt. 11-2 ("Densen Decl") ¶¶ 1-4. Notice of plaintiff's motion for default judgment was properly served on Cloudsmartz pursuant to Local Rule 55-1 and 55-2. Dkt. 11-4 ("Proof of Service").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:24-cv-00959-CAS-MARx | Date | July 25, 2024 |
|---|---|---|---|
| Title | Ameris Bank v. Cloudsmartz, LLC | | |

Accordingly, plaintiff has satisfied the procedural requirements for default judgment under the Federal and Local Rules. The Court now proceeds to plaintiff's motion for default judgment.

**B.     Application of the Eitel Factors**

The Court finds that the Eitel factors weigh in favor of entering default judgment against Cloudsmartz.

     1.     Risk of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471-72. Courts favor entry of default judgment when, absent entry of default judgment, plaintiffs "will likely be without other recourse for recovery." PepsiCo, 238 F.Supp.2d at 1175.

Here, denying default judgment would leave plaintiff without a proper remedy. See Pepsico, 238 F.Supp.2d at 1177 (stating plaintiffs would have no other recourse for recovery if default judgment was not granted). Plaintiff has loaned Cloudsmartz over $300,000 and has received only partial repayment. Thus, the Court concludes that plaintiff would suffer prejudice if a default judgment were not entered.

Accordingly, the first Eitel factor weighs in favor of entering default judgment.

     2.     Sufficiency of the Complaint and the Likelihood of Success on the Merits

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F.Supp.2d. at 1175; HTS, Inc. v. Boley, 954 F.Supp.2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merits of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F.Supp.2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.Supp.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover). For the purposes of default judgment, all well-pleaded allegations in the complaint, except for those relating to damages, are assumed to be true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:24-cv-00959-CAS-MARx | Date | July 25, 2024 |
|---|---|---|---|
| Title | Ameris Bank v. Cloudsmartz, LLC | | |

contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

Plaintiff brings two breach of contract claims against Cloudsmartz. Compl. ¶¶ 8-29. Given the similarity of the contracts at issue in this case, the Court proceeds to analyze both claims together.

To plead a breach of contract claim under California law, a plaintiff must allege (1) a contract existed; (2) plaintiff performed or is excused for nonperformance; (3) defendant breached; and (4) plaintiff was damaged. Satvati v. Allstate Northbrook Indemnity Co., 634 F.Supp.3d 792, 797 (C.D. Cal 2022) (citing Walsh v. W. Valley Mission Cmty. Coll. Dist., 78 Cal.Rptr.2d 725 (1998)).

Plaintiff's allegations are sufficient to establish that Cloudsmartz breached both equipment financing contracts. First, plaintiff's claims concern two written contracts signed by authorized representatives of both Ameris Bank and Cloudsmartz. Compl. Exh. A, Exh. B. Both contracts clearly indicate that plaintiff agreed to provide financing for equipment necessary for Cloudsmartz's business; in exchange, Cloudsmartz agreed to repay plaintiff the principal loan amount, plus interest, in monthly installments. Id. Both contracts also include terms for additional fees, default in the event of nonpayment, and remedies for breach including acceleration clauses requiring immediate repayment of the loans. Id.

Second, the complaint alleges that plaintiff fully performed both contracts by loaning Cloudsmartz the full amounts necessary to finance the equipment that is the subject of each financing contract. Compl. ¶¶ 15, 26. Third, the complaint alleges that Cloudsmartz breached both contracts via nonpayment, which constituted default under the terms of each contract. Compl. ¶¶ 12, 23. Finally, the complaint alleges that plaintiff has been damaged by Cloudsmartz's lack of payment on each contract. Compl. ¶¶ 16, 27. Thus, the Court finds that plaintiff has sufficiently pled, and is likely to succeed on, its claims against Cloudsmartz for breach of contract at this juncture.

Accordingly, the second and third Eitel factors weigh in favor of entering default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:24-cv-00959-CAS-MARx | Date | July 25, 2024 |
|---|---|---|---|
| Title | Ameris Bank v. Cloudsmartz, LLC | | |

      3.      <u>Sum of Money at Stake in the Action</u>

    Pursuant to the fourth <u>Eitel</u> factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." <u>PepsiCo</u>, 238 F.Supp.2d at 1176; <u>see also</u> <u>Eitel</u>, 782 F.2d at 1471-72. "This determination requires a comparison of the recovery sought and the nature of the defendant's conduct to determine whether the remedy is appropriate." <u>United States v. Broaster Kitchen, Inc.</u>, No 2:14-cv-09421-MMM-PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); <u>see also</u> <u>Walters v. Statewide Concrete Barrier, Inc.</u>, No. 3:04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.")

    Here, plaintiff seeks damages totaling $399,639.45,[1] which includes the balance due under both contracts as well as $17,402.07 in prejudgment interest, $14,534.78 in attorneys' fees, and $504.00 in recoverable costs. <u>See</u> Mot. at 17, Densen Decl. ¶¶ 5, 7-8, 10. Based on the evidence presented, the Court concludes that the damages plaintiff seeks are consistent with the terms of the contracts and are otherwise appropriate.

    Accordingly, the Court finds that the fourth <u>Eitel</u> factor weighs in favor of entering default judgment.

      4.      <u>Possibility of Dispute Concerning a Material Fact</u>

    The fifth <u>Eitel</u> factor considers the possibility that material facts are in dispute. <u>PepsiCo</u>, 238 F.Supp.2d at 1177; <u>see also</u> <u>Eitel</u>, 782 F.2d at 1471-72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." <u>PepsiCo</u>, 238 F.Supp.2d at 1177.

    Here, plaintiff has "filed a well-pleaded complaint alleging the facts necessary to establish its claims, and the court clerk entered default against" defendant. <u>Philip Morris USA, Inc. v. Castworld Products, Inc.</u>, 219 F.R.D. 494, 500 (C.D. Cal. 2003). Therefore, "no dispute has been raised regarding the material averments of the complaint, and the likelihood that any genuine issue may exist is, at best, remote." <u>Id.</u>

---

[1] While plaintiff calculates the total award amount to be $399,135.45, it appears that it failed to include the $504.00 they claim in recoverable cost in their total award amount.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:24-cv-00959-CAS-MARx | Date | July 25, 2024 |
|---|---|---|---|
| Title | Ameris Bank v. Cloudsmartz, LLC | | |

Accordingly, the fifth Eitel factor weighs in favor of granting the motion for default judgment.

      5.      Possibility of Excusable Neglect

The sixth Eitel factor considers whether the defendant's default may have been the product of excusable neglect. PepsiCo, 238 F.Supp.2d at 1177; see also Eitel, 782 F.2d at 1471-72.

Here, the possibility of excusable neglect is remote. Cloudsmartz was properly served with the complaint and summons. Dkt. 7. Additionally, notice of plaintiff's motion for default judgment was properly served pursuant to Local Rule 55-1 and 55-2. Proof of Service. Dkt. 11-4. Despite proper service, Cloudsmartz has failed to appear in this action.

Accordingly, the sixth Eitel factor weighs in favor of granting the motion for default judgment.

      6.      Policy Favoring Decisions on the Merits

Under the seventh Eitel factor, the Court considers the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. However, the mere existence of Rule 55(b) suggests that the seventh Eitel factor is not dispositive. PepsiCo, 238 F.Supp.2d at 1177. When a defendant's failure to appear and respond "makes a decision on the merits impractical, if not impossible," default judgment is appropriate. Constr. Laborers Tr. Funds for S. Cal. Admin. Co. v. Black Diamond Contracting Grp., Inc., No. S8:17-cv-00770-JLSDFM, 2017 WL 6496434, at *5 (C.D. Cal. Dec. 18, 2017).

Since Cloudsmartz's failure to appear or otherwise respond makes a decision on the merits in this case impractical, if not impossible, the seventh Eitel factor does not preclude entry of default judgment.

      7.      Conclusion Regarding the Eitel Factors

Apart from the policy favoring decisions on the merits, all the remaining Eitel factors weigh in favor of default judgment, including the merits of plaintiff's claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:24-cv-00959-CAS-MARx | Date | July 25, 2024 |
|---|---|---|---|
| Title | Ameris Bank v. Cloudsmartz, LLC | | |

sufficiency of the complaint are often treated by courts as the most important <u>Eitel</u> factors.") (citation omitted).

Therefore, weighing all the <u>Eitel</u> factors, the Court finds that entry of default judgment against Cloudsmartz is appropriate.

  **C.**  <u>Relief Sought by Ameris Bank</u>

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation marks omitted). The "[p]laintiff has the burden of proving damages through testimony or written affidavit." <u>See Bd. of Trustees of the Boilermaker Vacation Tr. V. Skelly, Inc.</u>, 389 F.Supp.2d 1222, 1226 (N.D. Cal. 2005). Moreover, the movant seeking default judgment must prove the damages sought, and although the Court may hold an evidentiary hearing to determine the amount of damages, no hearing is necessary "if the amount of damages can be determined from definite figures contained in the documentary evidence or in detailed affidavits." <u>Bravado Int'l Grp. Merch. Servs., Inc. v. Quintero</u>, No. 2:13-cv-00693-SVW-SS, 2013 WL 12126750, at *4 (C.D. Cal. Nov. 27, 2013) (citation omitted).

Here, plaintiff seeks three types of monetary damages. The Court addresses each form of requested relief in turn.

    1.  <u>Compensatory Damages for Breach Contract</u>

Plaintiff seeks to recover compensatory damages resulting from Cloudsmartz breach of both equipment financing contracts, totaling $367,189.60. <u>See</u> Mot. at 10-11. This figure is the sum of the outstanding balances due under both agreements, plus fees, with a 3% present-value discount as required by the terms of each agreement. <u>See</u> Dkt. 11-1 ("Ngo Decl.") ¶¶ 6, 11. In support, plaintiff has provided copies of each contract and accounting records showing Cloudsmartz's outstanding balances as to both contracts. Dkt. 11-1 Exh. B, Exh. D. Plaintiff has also submitted the declaration of Don Ngo, the Legal Collector at Balboa, who has calculated that $181,272.19 remains due on EFC No. 1 and $185,917.41 remains due on EFC No. 2. <u>See</u> Dkt. 11-1 ("Ngo Decl.") ¶¶ 6, 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:24-cv-00959-CAS-MARx | Date | July 25, 2024 |
|---|---|---|---|
| Title | Ameris Bank v. Cloudsmartz, LLC | | |

The Court finds that an award of compensatory damages in the amount of $181,272.19 for EFC No. 1 and $185,917.41 for EFC No. 2, totaling $367,189.60, is appropriate.

  2. <u>Prejudgment Interest</u>

In conjunction with its request for compensatory damages, plaintiff requests prejudgment interest. Mot. at 16-17. "Section 3287 [of the California Civil Code] provides for an award of prejudgment interest whenever a plaintiff prevails in a breach of contract claim for an amount of damages that is certain or is capable of being made certain by calculation." <u>Unocal Corp. v. United States</u>, 222 F.3d 528, 541 (9th Cir. 2000) (citing Cal. Civ. Code § 3287). Under California law, the rate of interest for breach of contract is "10 percent per annum after a breach." Cal. Civ. Code § 3289(b).

Plaintiff seeks $8,591.18 in prejudgment interest on the $181,272.19 owed under EFC No. 1, computed at a rate of 10% from February 10, 2024 (the date of Cloudsmartz's alleged breach of EFC No. 1) to July 31, 2024. Densen Decl. ¶ 5. Plaintiff seeks $8,810.89 in prejudgment interest on the $185,917.41 owed under EFC No. 2, computed at a rate of 10% from February 20, 2024 (the date of Cloudsmartz's alleged breach of EFC No. 2) to July 31, 2024. <u>Id.</u> ¶ 8.

The Court finds that an award of $8,591.18 in prejudgment interest on the $181,272.19 owed under EFC No. 1 and $8,810.89 in prejudgment interest on the $185,917.41 owed under EFC No. 2, totaling $17,402.07 in prejudgment interest, is appropriate.

  3. <u>Attorneys' Fees and Costs</u>

In addition, plaintiff seeks to recover attorneys' fees and costs associated with the enforcement of both contracts at issue in this case, as permitted by Local Rule 55-3. Mot. at 17. Specifically, plaintiff seeks to recover $7,225.44 in attorneys' fees associated with the enforcement of EFC No. 1, $7,318.34 in attorneys' fees associated with EFC No. 2, and $504.00 in recoverable court costs. Densen Decl. ¶¶ 7, 10; Mot. Exh. E. Plaintiff calculated these figures in accordance with the fee schedule set forth in Local Rule 55-3. The complaint alleges that under the terms of both contracts, Cloudsmartz agreed to pay reasonable attorneys' fees incurred by plaintiff in enforcing each contract. <u>Compl.</u> ¶¶ 17, 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 8:24-cv-00959-CAS-MARx | Date | July 25, 2024 |
|---|---|---|---|
| Title | Ameris Bank v. Cloudsmartz, LLC | | |

The Court finds an award of $7,225.44 in attorneys' fees associated with the enforcement of EFC No. 1, $7,318.34 in attorneys' fees associated with EFC No. 2, and $504.00 in recoverable court costs, totaling $15,047.78 is appropriate.

## V.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for default judgment. The Court awards plaintiff $367,189.60 in compensatory damages, $17,402.07 in prejudgment interest, and $15,047.78 in attorneys' fees and costs, for a total award of $399,639.45.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |